

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHYLLIS M. DETTMER        \*

       Plaintiff        \*

   v.        \*

CONSTELLATION POWER SOURCE    \*     Civil Action No. MJG02-2595
GENERATION, INC.

                              \*

       Defendant        \*

\*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

David T. Snyder, Manager, Asset Management Department, Constellation Generation Group, answering Interrogatories propounded to Defendant, Constellation Power Source Generation, Inc., by Plaintiff, Phyllis M. Dettmer, says that the following are true and correct answers to such Interrogatories, to the best of his knowledge, information, and belief:

## PRELIMINARY STATEMENT AND OBJECTIONS

A.    The information supplied in these Answers is not based solely upon the knowledge of the executing party but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.

B.    The word usage and sentence structure is that of the attorney who in fact prepared these Answers; and the language does not purport to be the exact language of the executing party.

C.    CPSG is a company and, as such, cannot possibly have personal knowledge; therefore, all Answers herein have been obtained through its agents, employees, and attorneys.

1/3/03

D.      The Interrogatories have been interpreted and answered in accordance with the Federal Rules of Civil Procedure, plain English usage and, to the extent not specifically challenged by objection, the definitions and instructions included with the Interrogatories.

E.      Defendant objects to these Interrogatories on the ground that they violate Rule 33 of the Federal Rules of Civil Procedure as they exceed 25 in number including all discreet subparts.

F.      This preliminary statement and objections is adopted and incorporated into each Answer to Interrogatory set forth below.

**INTERROGATORY NO. 1:**      State the full identity, as required by definitions (b), of the person answering these questions on behalf of Constellation Power Source Generation, Inc.

**ANSWER TO INTERROGATORY NO. 1:**      David T. Snyder, Manager, Asset Management Department, Constellation Generation Group, 1997 Annapolis Exchange Parkway, Suite 500, Annapolis, Maryland 21401 executed these Answers to Interrogatories which were prepared at the direction of counsel.

**INTERROGATORY NO. 2:**      State the identity of all persons, as required by definitions (b), of all persons with whom you consulted for any factual information needed in the preparing the the (sic) answers to these questions and your answer should include but not be limited to the following information:  the person consulted and the facts obtained from that person as they relate to a specific question asked herein.

**ANSWER TO INTERROGATORY NO. 2:**      Any consultation for factual information needed in preparing the answers to interrogatories was performed by counsel or at counsel's request.  Therefore, Defendant objects to this interrogatory on the ground that it seeks information protected by the attorney client communications privilege.  Without waiving that objection, Defendant states that Christopher

Hitch, JoAnn Lingner, Cynthia Lewis, Angie Williams, Gloria Fair Pineda, Sheila Rhodes, Ray Mosko, Dave Snyder and Nick Valencia were contacted for purposes of obtaining factual information responsive to these interrogatories.

**INTERROGATORY NO. 3:**    Identity (sic) all documents, as required by definitions (b), of all documents which you consulted for any factual information needed in the preparing the answers to these questions and your answer should include but not be limited to the following information: the identity of each such document by date, name, author or some other identification process, the number of each question asked for which the document(s) was utilized, and the full identity of the person whose has custody of the document at the time of your answers.

**ANSWER TO INTERROGATORY NO. 3:**    Any consultation for factual information needed in preparing the answers to interrogatories was performed by counsel or at counsel's request. Therefore, Defendant objects to this interrogatory on the ground that it seeks information protected by the attorney client communications privilege. Without waiving that objection, all documents consulted for factual information to prepare these answers to interrogatories have been produced in response to request for production.

**INTERROGATORY NO. 4:**    State whether the following persons are currently or were employees of Constellation Power Source Generation, Inc.: Jo Ann Linger, David Snyder, Ray Mosko, Barbara Cannon, Michael A. Oneferu-Bey, Arthur H. Johnson, David Dunkel, Mike Jeffries, Charles Duckett, Cynthia Lewis, Sheila Rhodes, George Montgomery, Franca Murphy, Kathy Velky, Betsy Stewart, Denise Green, Ronald Lowman, Pernell Jester and Angie Williams, and your answer should include but not be limited to the following information: the date of each employee, the nature of the employees duties in January 2001, the identity of the employees immediate supervisor, whether each

named employee remains employed by Constellation Power Source Generation, Inc. on the date of your answers, and if not, the details of each employees departure from employment and the persons last known address.

**ANSWER TO INTERROGATORY NO. 4:**    Defendant objects to this interrogatory on the ground that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Without waiving its objection, Defendant states that the following persons are currently employees of Constellation Energy Group or its affiliates:

JoAnn Lingner, Director of Materials and Services, Fort Smallwood Road Complex, 1005 Brandon Shores Road Baltimore, MD 21226;

David T. Snyder, Manager, Asset Management Department, Constellation Generation Group, Annapolis Exchange Parkway, Suite 500, Annapolis, MD 21401;

Cynthia Lewis, Human Resources Manager, Constellation Power Source Holdings, Inc., Fort Smallwood Road Complex, 1005 Brandon Shores Road Baltimore, MD 21226;

Sheila Rhodes, Physician/Medical Director, 39 W. Lexington Street, Baltimore, MD;

Franca Murphy, Procurement Coordinator, Fort Smallwood Road Complex, 1005 Brandon Shores Road Baltimore, MD 21226;

Kathie Velky, Procurement Coordinator, 7309 Windsor Mill Road, Baltimore, MD;

Denise Green, Procurement Coordinator, Fort Smallwood Road Complex, 1005 Brandon Shores Road Baltimore, MD 21226;

Angie Williams, Physicians Assistant, Fort Smallwood Road Complex, 1005 Brandon Shores Road Baltimore, MD 21226;

Mike Jeffreys, Senior Buyer Analyst, Ft. Smallwood Road Complex, 1005 Brandon Shores Rd. Baltimore MD 21126;

The following persons are former employees of Constellation Energy Group or its affiliates:

Michael A. Oneferu-Bey, retired, 1319 Robbin Road, Baltimore, MD 21218;

Arthur H. Johnson, retired, 7605 Gum Road, Baltimore, MD 21222;

Ray Mosko, retired, 763 Trenton Avenue, Severna Park, MD;

Barbara Cannon, retired, 5955 Benton Heights Avenue, Baltimore, MD;

David Dunkel, resigned, 7259 Pommel Drive, Sykesville, MD;

Charles Duckett, resigned, 520 Benforest Drive, Severna Park, MD;

George Montgomery, deceased.

Pernell Jester, severed, 213 Candlelight Lane, Glen Burnie, MD; and

Ronald Lowman, retired, 211 Black Angus Court, Millersville, MD 21108.

**INTERROGATORY NO. 5:**        State whether Constellation Power Source Generation, Inc., or any department thereof, investigated the complaint of the Plaintiff that she had been the (sic) subject to employment discrimination in her discharge, and your answer should include but not be limited to the following:  the date of any complaint, the identity of the person(s) who conducted the investigation, the steps of any such investigation, the identity of all persons interviewed as part of the investigation, any conclusion(s) reached by the investigative officer, whether there is a written report of the investigation and the identity of the person whose has custody of any papers generated by the investigation as of the date of your answer.

**ANSWER TO INTERROGATORY NO. 5:**        Defendant objects to this interrogatory on the ground that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible

evidence. Without waiving its objection, Defendant states that it investigated the complaint of the Plaintiff that she had been subject to employment discrimination in her discharge. The remainder of the information sought by this interrogatory can be derived or ascertained from the business records of Constellation Power Source Generation produced in response to request for production and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served.

**INTERROGATORY NO. 6:**       No such interrogatory posed.

**INTERROGATORY NO. 7:**       No such interrogatory posed.

**INTERROGATORY NO. 8:**       State whether Constellation Power Source Generation, Inc. has ever had a complaint made against it arising from the discharge of any employee alleging grounds similar to the grounds claimed by this Plaintiff, and if the answer is in the affirmative the answer should include but not be limited to the following: the date of any complaint, the full identity of the person who made the complaint, the specific action(s) complained of, whether the complaint was investigated, the identity of the investigating person, and the results of any such investigation.

**ANSWER TO INTERROGATORY NO. 8:**       Defendant objects to this interrogatory on the ground that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9:**       State whether Constellation Power Source Generation, Inc. has been involved in any civil lawsuits arising from the discharge of an employee since January 1, 1995, through the date of your answer and if the answer is in the affirmative, the answer should include but not be limited to the following information: the identity of any such law suit (Court identity, case number), the identity of the parties to the lawsuit, and the results of the action.

**ANSWER TO INTERROGATORY NO. 9:**    Defendant objects to this interrogatory on the ground that it is overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10:**    State the full identity, as required by definitions (b), of all persons you propose to call as an expert at the trial of this case, and your answer should include the area of the person's expertise, the qualifications for the person to render an expert opinion, the opinion of the expert, the factual predicate of any such opinion and attach any written report received from any expert.

**ANSWER TO INTERROGATORY NO. 10:**    Defendant incorporates its expert disclosure filed in accordance with the pretrial scheduling order.

**INTERROGATORY NO. 11:**    State the identity, as required by definitions (b), of all persons having personal knowledge of any facts of this case.

**ANSWER TO INTERROGATORY NO. 11:**

Phyllis Dettmer, Plaintiff;

JoAnn Lingner, Director of Materials and Services, Merchant Generation Division, Fort Smallwood Road Complex, Baltimore, MD;

David Snyder, Manager, Asset Management Department, Constellation Generation Group, 1997 Annapolis Exchange Parkway, Suite 500, Annapolis, MD 21401;

Ray Mosko, retired, 763 Trenton Avenue, Severna Park, MD;

Michael Oneferu-Bey, retired, 1319 Robin Road, Baltimore, MD;

Sheila Rhodes, Physician/Medical Director, 39 W. Lexington Street, Baltimore, MD;

Arthur H. Johnson, retired, 7605 Gum Road, Baltimore, MD;

Susan Guarnieri, retired, 2511 Old Court Road, Baltimore, MD 21208;

Gloria Fair-Pineda, Senior Human Resources Consultant, 750 East Pratt Street, Baltimore, MD;

Cindy Lewis, Human Resources Manager, Fort Smallwood Rd. Complex, Baltimore, MD;

Barbara Cannon, retired, 5955 Benton Heights Avenue, Baltimore, MD;

Nick Valencia, Counsel, 750 East Pratt Street, Baltimore, MD;

Doug Wernecke, Director Human Resources and Administration, Constellation Power Source Holdings, Inc., 111 Market Place, 5th Floor, Baltimore, MD;

Ron Lowman, retired, 211 Black Angus Court, Millersville, MD 21108, and

Dr. Philip B. Dvoskin, 1406 B Crain Highway South, Glen Burnie, MD.

Defendant would add that additional names may be derived or ascertained from the business records of Constellation Power Source Generation produced in response to request for production and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served. CPSG would incorporate those names into this answer to interrogatory.

**INTERROGATORY NO. 12:**     State whether Constellation Power Source Generation, Inc. has a (sic) employment policies and practices manual and if the answer is in the affirmative, state when the manual was provided to the Plaintiff, detail any changes made to the manual since it was delivered to Plaintiff and how the changes were notified to Plaintiff and attach to your answers a copy of the manual.

**ANSWER TO INTERROGATORY NO. 12:**     Constellation Power Source Generation, Inc., Constellation Energy Group and/or its predecessors has an Employee Handbook.  The Employee Handbook was originally provided to Plaintiff at the inception of her employment.  Changes too numerous to identify were made to the manual over time.  Plaintiff was notified of the changes in whatever manner was the customary business practice at the time of the change.  Those changes have

been communicated over time in writing, via posting, via email or through intranet access. A copy of the manual in place in January 2001 has been produced in response to Plaintiff's document request.

**INTERROGATORY NO. 13:**     State whether Constellation Power Source Generation, Inc. responded to a complaint by the Plaintiff filed with the Maryland Office of Unemployment Insurance, the Anne Arundel County Human Relations Commission and/or the U.S. Equal Employment Opportunity Commission and if your answer is in the affirmative, it should include but not be limited to the following:  the identity of the person(s) who responded on behalf of the company, the nature of the response provided, the date of any written response and the results of any such complaint.

**ANSWER TO INTERROGATORY NO. 13:**     Constellation Power Source Generation, Inc. responded to a complaint by the Plaintiff filed with the Maryland Office of Unemployment Insurance, the Anne Arundel County Human Relations Commission and/or the U.S. Equal Employment Opportunity Commission.  The remainder of the information sought by this interrogatory can be derived or ascertained from the business records of Constellation Power Source Generation produced in response to request for production and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served.

**INTERROGATORY NO. 14:**     State each and every time that Plaintiff reported late for work, as alleged in Paragraph 19 of your answer, "after the modified work schedule was announced", and your answer should include, but not be limited to the following:  the date of the late reporting, the actual arrival time for each date, the means by which such arrival time was recorded, and the full identity, as required by section (b) of the definitions, of all persons with personal knowledge of the facts contained in this answer.

**ANSWER TO INTERROGATORY NO. 14:**    In December 1999, Plaintiff was verbally requested due to operating conditions to report to work by 8:00 a.m. daily. On January 6, 2000, a formal notice was issued to all warehouse personnel working flexible schedules that work start time would be no later than 8:00 a.m. due to operating conditions. After the January 6, 2000 notice, it is documented that Plaintiff was late on:

1/11/00

1/14/00

1/18/00

1/20/00

1/21/00

1/26/00

2/2/00

2/3/00

2/7/00

2/8/00

2/9/00

2/10/00

2/15/00

2/17/00

2/23/00

2/25/00

2/29/00

3/2/00

3/6/00

3/7/00

3/10/00

3/14/00

3/16/00

3/29/00

6/7/00

8/7/00

9/11/00

10/31/00

  1/6/00

12/6/00

1/10/01

1/11/01

1/30/01

The precise arrival time is being investigated at this time and this answer will be supplemented upon receipt of that information. Actual time is recorded by each individual in the company's Time Entry System ("TES"), the data entry and processing system for timekeeping. Also recorded in TES regarding Phyllis Dettmer's attendance are the following absences from the period after 1/1/00:

1/10/00        rx

1/12/00        vacation        (2 hrs.)

| Date | Type | Hours |
|---|---|---|
| 1/13/00 | vacation | |
| 1/25/00 | time off storm policy | (5 hrs.) |
| 1/26/00 | time off storm policy | (1.25 hrs.) |
| 1/27/00 | sick | |
| 1/28/00 | sick | |
| 2/1/00 | vacation | |
| 2/4/00 | rx | |
| 2/9/00 | vacation | (2 hrs.) |
| 2/11/00 | vacation | |
| 3/3/00 | vacation | |
| 3/7/00 | rx | (4.75 hrs.) |
| 3/17/00 | vacation | (2 hrs.) |
| 4/3/00 | suspended | |
| 4/4/00 | suspended | |
| 4/5/00 | suspended | |
| 4/6/00 | vacation | |
| 4/7/00 | vacation | |
| 4/10/00 | vacation | |
| 4/21/00 | vacation | (2 hrs.) |
| 4/27/00 | rx | (2 hrs.) |
| 5/8/00 | sick | |
| 5/9/00 | sick | |

5/10/00        sick

5/11/00        sick

5/19/00        sick base partial tour            (1 hr.)

5/19/00        vacation         (.5 hrs)

5/22/00        rx

5/25/00        vacation         (1 hr.)

5/26/00        vacation

5/29/00        holiday

6/2/00         vacation         (1.5 hrs.)

6/9/00         suspended

6/12/00        suspended

6/13/00        suspended

6/19/00        rx

6/21/00        sick

6/22/00        sick

6/30/00        vacation

7/4/00         holiday

7/5/00         rx

7/6/00         vacation

7/10/00        vacation

7/11/00        vacation

7/12/00        vacation

| | | |
|---|---|---|
| 7/13/00 | vacation | |
| 7/14/00 | vacation | |
| 7/26/00 | rx | |
| 8/10/00 | sick | |
| 8/11/00 | sick | |
| 8/18/00 | vacation | (4.5 hrs.) |
| 9/5/00 | sick | |
| 9/15/00 | vacation | (.5 hrs.) |
| 9/18/00 | vacation | |
| 9/19/00 | vacation | |
| 9/20/00 | vacation | |
| 9/21/00 | vacation | |
| 9/22/00 | vacation | |
| 9/29/00 | vacation | 2 hrs.) |
| 10/6/00 | sick base partial tour (4.5 hrs.) | |
| 10/23/00 | sick | |
| 10/24/00 | sick | |
| 10/27/00 | vacation | (2 hrs.) |
| 11/23/00 | holiday | |
| 11/24/00 | holiday | |
| 11/29/00 | vacation | (1 hr.) |
| 11/30/00 | sick | |

| | | |
|---|---|---|
| 12/1/00 | vacation | (1 hr.) |
| 12/8/00 | vacation | (2 hrs.) |
| 12/22/00 | holiday | |
| 12/25/00 | holiday | |
| 12/26/00 | | |
| 1/1/01 | holiday | |
| 1/2/01 | vacation | (1.5 hrs.) |
| 1/3/01 | vacation | (2 hrs.) |
| 1/5/01 | | |
| 1/24/01 | vacation | (2 hrs.) |
| 1/26/01 | vacation | (2.5 hrs.) |

Persons with personal knowledge of the facts contained in this Answer include:

JoAnn Lingner, Director of Materials and Services, Merchant Generation Division, Fort Smallwood Road Complex, Baltimore, MD;

Michael Oneferu-Bey, retired employee, 1319 Robin Road, Baltimore, MD; and

Richard A. LaCourse, Jr., Baltimore Gas and Electric Company, 39 W. Lexington St., Baltimore, MD 21201

Arthur H. Johnson, retired, 7605 Gum Road, Baltimore, MD.

**INTERROGATORY NO. 15:**    State each and every adverse personal action taken against the Plaintiff from the date of her hire through the date of her termination, and the answer should include, but not be limited to the following:  the date of any adverse action, the reason why the adverse action was taken, the actual adverse action undertaken (transfer, demotion, loss of pay, etc), whether the Plaintiff

agreed to the action taken and the full identity, as required by section (b) of the definitions, of all persons with personal knowledge of the facts contained in this answer.

**ANSWER TO INTERROGATORY NO. 15:**     Defendant is unable to identify each and every adverse personal action since the date of hire. However the adverse actions relating to this dispute can be derived or ascertained from the business records of Constellation Power Source Generation produced in response to request for production and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served. Those adverse actions, Corrective Action Reports, were issued on 3/20/00, 3/30/00, 6/7/00, 8/7/00, 9/11/00, 11/3/00 and 1/30/01. The disciplinary actions taken on those dates included formal warning, probation, suspension, reduction in pay and discharge.

**INTERROGATORY NO. 16:**     State each and every time since the date of Plaintiff's hire when she met with any person(s) from the medical department of the company, and your answer should include but not be limited to the following: the date of each meeting, the duration of each meeting, the identity of the person with whom Plaintiff met, the reason for the meeting, and the full identity, as required by section (b) of the definitions, of all persons with personal knowledge of the facts contained in this answer.

**ANSWER TO INTERROGATORY NO. 16:**     Plaintiff visited the medical department many times since the date of her hire. The information sought by this interrogatory can be derived or ascertained from the business records of Constellation Power Source Generation produced in response to request for production and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served.

**INTERROGATORY NO. 17:**        State whether the company ever received any medical reports from any health care provider concerning Plaintiff and if your answer is in the affirmative, the answer should include, but not be limited to the following: the date of any such communication, the identity of the health care provider who issued the report, the company employee who received the report(s), the identity of all other company employees who were made aware of any of the report(s) , and the full identity, as required by section (b) of the definitions, of all persons with personal knowledge, not already disclosed, of the facts contained in this answer.

**ANSWER TO INTERROGATORY NO. 17:**        CPSG received several notes from Ms. Dettmer's physicians as well as a report from Dr. Dvoskin.  The remainder of the information sought by this interrogatory can be derived or ascertained from the business records of Constellation Power Source Generation produced in response to request for production and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served.

**INTERROGATORY NO. 18:**        State whether the company ever sent Plaintiff for any evaluation by a health care provider and if your answer is in the affirmative, the answer should include, but not be limited to the following:  the date of any such communication to the Plaintiff, the identity of the health care provider who conducted the evaluation  whether the health care provider issued the report concerning Plaintiff following the evaluation, the company employee who received the report(s), the identity of all other company employees who were made aware of any of the report(s) , and the full identity, as required by section (b) of the definitions, of all persons with personal knowledge, not already disclosed, of the facts contained in this answer.

**ANSWER TO INTERROGATORY NO. 18:**        Plaintiff was sent to Dr. Philip B. Dvoskin.  The remainder of the information sought by this interrogatory can be derived or ascertained from the business

records of Constellation Power Source Generation produced in response to request for production and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served.

**INTERROGATORY NO. 19:**    State whether the company offered Plaintiff use of the Family and Medical Leave Act for her late reporting to work, and if so, the answer should include, but not be limited to the following:  the date when any such offer was communicated to Plaintiff, the nature of the communication concerning the FLMA (sic), Plaintiff's response to the communication and the full identity, as required by section (b) of the definitions, of all persons with personal knowledge, not already disclosed, of the facts contained in this answer.

**ANSWER TO INTERROGATORY NO. 19:**    CPSG objects to this Interrogatory on the ground that the FMLA does not require intermittent leave unless medically necessary because of a serious health condition that makes the employee unable to perform the job.  Without waiving that objection, the company did not offer Plaintiff use of the Family and Medical Leave Act for her late reporting to work. However, over a period of fourteen months, Plaintiff was offered many opportunities to improve her lateness and absence record.

**INTERROGATORY NO. 20:**    State whether Plaintiff was offered any reasonable accommodation under the American with Disabilities Act as a result of her disability, and if so, the answer should include, but not be limited to the following:  the date when any such offer was communicated to Plaintiff, the nature of the communication concerning the ADA, Plaintiff's response to the communication, the exact nature of the accommodation made by the company, and the full identity, as required by section (b) of the definitions, of all persons with personal knowledge, not already disclosed, of the facts contained in this answer.

**ANSWER TO INTERROGATORY NO. 20:**    Defendant denies that Plaintiff is a qualified individual with a disability as defined by the ADA. However, Ms. Dettmer was allowed flexibility in reporting to work from 6:30 a.m. to 8:00 a.m. and over a period of fourteen months was offered many opportunities to improve her lateness and absence record.

**INTERROGATORY NO. 21:**    State all facts in support of your affirmative defenses as set forth in paragraphs 3, 4, 5, 6, 7, and 8 of the answer filed by the company, and your answer should also include but not be limited to the following: the full identity, as required by section (b) of the definitions, of all persons with personal knowledge, not already disclosed, of the facts contained in this answer.

**ANSWER TO INTERROGATORY NO. 21:**    Defendant is unable to confirm that proper service on the appropriate individual was effected, nor can Defendant confirm the date of receipt of the U.S. EEOC Dismissal and Notice of Rights issued May 9, 2002.

**INTERROGATORY NO. 22:**    State each and every time since the date of Plaintiff's hire when she met with any person(s) from the human relations department of the company, and your answer should include but not be limited to the following: the date of each meeting, the duration of each meeting, the identity of the person with whom Plaintiff met, the reason for the meeting, and the full identity, as required by section (b) of the definitions, of all persons with personal knowledge of the facts contained in this answer.

**ANSWER TO INTERROGATORY NO. 22:**    Defendant is unable to identify each and every time since the date of Plaintiff's hire when she met with any persons from the Human Resources Department. However, it is known that Plaintiff met with Barbara Cannon on 6/15/00 (duration unknown) at Plaintiff's request and Cindy Lewis on 12/7/00 for approximately 2 hours at Plaintiff's request.

19

**INTERROGATORY NO. 23:**    State the Plaintiff's salary at the time of her discharge, the highest salary earned by the Plaintiff since the date of her hire and the dollar value of any benefits associated with Plaintiff's employment with the Defendant company.

**ANSWER TO INTERROGATORY NO. 23:**    At the time of her discharge, Plaintiff was earning $628.00 weekly. The highest salary earned by Plaintiff since the date of her hire was $659.40 weekly. The dollar value of Plaintiff's benefits is 26.4% of her weekly salary at the time of separation.

**INTERROGATORY NO. 24:**    State the job duties of the Plaintiff at her position with the Procurement Services Unit, and change in her job duties since the date of her hire in the Unit, the date of any change in her job description, the reason for any such change and state the chain of command, by name(s) and title(s) of the person from the Plaintiff through her immediate supervisor to the highest company officer.

**ANSWER TO INTERROGATORY NO. 24:**    Generally, a Senior Administrative Assistant performs varied or specialized moderately complex administrative duties in accordance with established Department/Company procedures. The job requires independent judgment in selection and interpretation of data and knowledge of related work performed in the same and/or other department. A senior administrative assistant performs work that is subject to occasional verification. Assignments generally follow a prescribed procedure and may include maintaining records, assembling information and preparing material from several sources, handling invoices and payments, performing mathematical calculations, preparing routine correspondence and other responsibilities as needed. Duties may be of a varied nature or dedicated to a specialized function. A senior administrative assistant operates personal and/or mainframe computer systems and associated software and other office equipment. Specifically, with respect to Plaintiff's position with the Procurement Services Unit, Plaintiff was a Senior

Administrative Assistant performing various tasks to support field forces in the power generation plants. Plaintiff performed administrative and clerical jobs to support the management of inventory in the warehouse which provided critical supplies necessary to accomplish the work of generating electricity.

Prior to December 1999, employees in the warehouse (excluding material handlers) were allowed to follow flexible start times such that they could begin their eight-hour workday anytime between 6:30 a.m. and 9:30 a.m. In December 1999, all warehouse personnel (excluding material handlers) were advised that due to operating conditions, work schedules would be modified. In December 1999, warehouse management identified a need to improve their customer service in the provision of critical supplies to power plants and determined that all warehouse personnel (excluding material handlers) would need to report to work no later than 8:00 a.m. Shifts at the power plants typically begin between 6:30 a.m. and 7:00 a.m. Accordingly, most warehouse employees (excluding material handlers) work shifts beginning between 6:30 a.m. and 7:00 a.m. Ms. Dettmer was allowed flexibility in reporting to work from 6:30 a.m. to 8:00 a.m. On January 6, 2000, a formal notice was issued to all warehouse personnel (excluding material handlers) working flexible schedules that work start time would be no later than 8:00 a.m.

Defendant objects to the portion of this interrogatory requesting "the chain of command, by name(s) and title(s) of the person from the Plaintiff through her immediate supervisor to the highest company officer" on the ground that it is not limited to any particular time, is vague, unduly burdensome and overbroad. Defendant further objects to this Interrogatory as it asks multiple questions and exceeds the mandates of Rule 33 of the Federal Rules of Civil Procedure regarding the number of interrogatories which may be asked.

**INTERROGATORY NO. 25:**      If you intend to use or rely upon in any manner in any kind of trial or hearing in this case any oral or written statement or assertion by the Plaintiff (hereinafter referred to as a "statement"), provide the following information: (a) the date the statement was made, (b) the person or persons to whom the statement was made, and ( c) the specific content of the statement made.

**ANSWER TO INTERROGATORY NO. 25:**      Transcript of Unemployment hearing which has not yet been obtained.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE AFOREGOING PAPER ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

David T. Snyder
Manager, Asset Management Department
Constellation Generation Group

Barbara A. Gaughan
Federal Bar No. 05050
17th Floor, Gas and Electric Building
P. O. Box 1475
Baltimore, Maryland 21203
(410) 234-6869
(410)234-6057 (fax)

Attorney for Defendant,
Constellation Power Source Generation, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of January, 2003, a copy of the foregoing Defendant's Answers to Plaintiff's Interrogatories was faxed and mailed first-class, postage prepaid, to Ralph E. Hall, Jr., Esquire, 224 North Adams Street, Rockville, Maryland 20850, Attorney for Plaintiff.

*Barbara A. Gaughan*

Barbara A. Gaughan