

United States District Court
for the District of Maryland

PHYLLIS M. DETTMER                        *
                                          *
            Plaintiff                     *
                                          *
    v.                                    *        Case No. MGJ 02-2595
                                          *
CONSTELLATION POWER SOURCE                *
    GENERATION, INC.                      *
                                          *
            Defendant                     *

## ANSWERS TO INTERROGATORIES

**TO:**     CONSTELLATION POWER SOURCE
            GENERATION, INC.
               c/o   Barbara A. Gaugham,
                     Attorney At Law
                     P. O. Box 1475
                     Baltimore, Maryland 21203

**FROM:**   PHYLLIS DETTMER
               c/o   Ralph E. Hall, Jr., Esquire
                     224 North Adams Street
                     Rockville, Maryland   20850

    A.     The information contained in these answers may not be based solely upon

the knowledge of the executing party, but may also include information within the

knowledge of the party's agents, representatives and attorneys, among others unless

privileged.

    B.     The information contained herein is being provided in accordance with the

Federal Rules of Civil Procedure which require disclosure of all facts which may be

relevant or which may lead to the discovery of relevant information. Accordingly, by providing the information requested, Plaintiff does not waive any objection to its admissibility at any hearing or trial as evidence on grounds of materiality, relevancy or other proper grounds.

C.     The word usage and sentence structure may not necessarily be the precise language of the Plaintiff but may also be that of the undersigned attorney.

## QUESTIONS AND ANSWERS

1.     IDENTIFY ALL PERSONS WHO ARE LIKELY TO HAVE PERSONAL KNOWLEDGE OF ANY FACT ALLEGED IN THE COMPLAINT AND STATE THE SUBJECT MATTER OF THE PERSONAL KNOWLEDGE POSSESSED BY EACH SUCH PERSON.

A.     Dr. Christine Commerford has been my primary physician for the last ten (10) years. She was aware of my depression and prescribed medicine for the problems. She was also contacted by the BG&E medical department regarding my depression and suggested medicine also. Dr. Robin Haller has been my therapist until my dismissal. She was also contacted by the company medical department in what I understood was a threat to my continued employment unless my attendance improved. Michael Oneferu-Bey, my work leader, told me that he was aware that my immediate supervisor, JoAnn Linger, was trying to get rid of me. Ray Mosko of the Company's medical department was the person I consulted about my depression. David Snyder was also aware of the situation between Ms. Linger and myself.

2.    STATE WHICH PROVISIONS OF THE AMERICAN WITH DISABILITIES ACT YOU CLAIM CPSG VIOLATED.

A.    On advise of my counsel, I object to this question. Notwithstanding that objection, I refer you to the Complaint which sets forth the legal basis of the claim against the Company.

3.    STATE WHICH PROVISIONS OF THE FAMILY AND MEDICAL LEAVE ACT YOU CLAIM CPSG VIOLATED.

A.    On advise of my counsel, I object to this question. Notwithstanding that objection, I refer you to the Complaint which sets forth the legal basis of the claim against the Company.

4.    STATE WHICH PROVISIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT YOU CLAIM CPSG VIOLATED.

A.    On advise of my counsel, I object to this question. Notwithstanding that objection, I refer you to the Complaint which sets forth the legal basis of the claim against the Company.

5.    STATE WHICH PROVISIONS OF THE MARYLAND DISCRIMINATION IN EMPLOYMENT ACT YOU CLAIM CPSG VIOLATED.

A.    On advise of my counsel, I object to this question. Notwithstanding that objection, I refer you to the Complaint which sets forth the legal basis of the claim against the Company.

6.    ITEMIZE AND SHOW HOW YOU CALCULATE ANY DAMAGES CLAIMED
BY YOU IN THIS ACTION, WHETHER ECONOMIC, NON-ECONOMIC, PUNITIVE
OR OTHER.

A.    The damaged claimed are not always able to be calculated to mathematical

certainty. Once discharged I had to take a lower paying job in an effort to make ends

meet. Finally, unable to meet my bills I was forced to file for personal bankruptcy which

I attribute to the loss of my job. My depression deepened and was made worst as a result

of the discharge. That problem was heightened by my inability to treat with anyone since

I had no insurance coverage and no additional funds to pay for the assistance. There is

also the emotional damages done as a result of the discharge: stress, fear of the future,

embarrassment, and some harassment, all of which added to my emotional state. When I

was discharged my personal loan from my pension plan became ordinary income, adding

to my tax problem. While I was returned the pension contributions, I have lost the ability

to plan on a pension from the company after 20 years of working for BG&E.


7.    STATE FULLY AND IN COMPLETE DETAIL THE FACTS UPON WHICH
YOU RELY TO SUPPORT YOUR CLAIM THAT CPSG VIOLATED THE
AMERICANS WITH DISABILITY ACT.

A.    In early 2000 I became highly depressed. I sought medical treatment from

Dr. Commerford. I also sought therapy from Dr. Haller. I also sought to avail myself of

the company's employee assistance program by seeing Ray Mosko of the medical

department. The effect of my depression was my inability to get out of bed in the

morning. As a result of that problem I was late in my arrival to work. I asked and was

denied a reasonable accommodation in allowing me to arrive on some days after the 8 am

reporting time. My request for this accommodation was denied without any explanation.


8.      STATE FULLY AND IN COMPLETE DETAIL THE FACTS UPON WHICH
YOU RELY TO SUPPORT YOUR CLAIM THAT CPSG VIOLATED THE FAMILY
AND MEDICAL LEAVE ACT.

A.      I met with Cynthia Lewis of the HR office and requested that I be allowed to come

late to work as a result of my illness. She was not sure why I had asked to meet with her.

A few days later I was advised by her that my request had been denied.


9.      STATE FULLY AND IN COMPLETE DETAIL THE FACTS UPON WHICH
YOU RELY TO SUPPORT YOUR CLAIM THAT CPSG VIOLATED THE AGE
DISCRIMINATION IN EMPLOYMENT ACT.

A.      The company had been downsizing for years and I was unable to avail myself of

any early out program. However, I was an employee of 20 years duration, a female and

over 40 years of age. It is my belief that my dismissal was in part motivated by the

company's desire to get rid of persons with my seniority and age.


10.     STATE FULLY AND IN COMPLETE DETAIL THE FACTS UPON WHICH
YOU RELY TO SUPPORT YOUR CLAIM THAT CPSG VIOLATED THE
MARYLAND DISCRIMINATION IN EMPLOYMENT ACT.

A.      The Maryland Act prohibits any form of discrimination based upon sexual

orientation as well as any disability which is unrelated to the job performance. As part of

my conversations with the company medical office I disclosed my sexual orientation. I

believe that this information was shared with my immediate supervisors and added to the decision to deny me either a reasonable accommodation or family medical leave and ultimately led to my termination.

11.    STATE FULLY AND IN COMPLETE DETAIL THE FACTS UPON WHICH YOU RELY TO SUPPORT YOUR CLAIM THAT YOU HAVE AN IMPAIRMENT THAT SUBSTANTIALLY LIMITS ONE OR MORE OF YOUR MAJOR LIFE ACTIVITIES AS DEFINED BY THE AMERICANS WITH DISABILITIES ACT.

A.    I became so depressed that I lost all desire to get out of bed for anyone or anything. As a result of this condition I virtually gave up all general outside contacts with anyone. I also gave up all outside activities and hobbies. I ceased any socialization with any other human, including my family. When I was at home from work I would go to bed and sleep, sometime skipping meals. I would spend all time when not at work in bed: weekends, evenings, and all other time. Sleep was the only time that I was relieved from my depression.

12.    FOR EACH WITNESS IDENTIFIED BY YOU IN CONNECTION WITH THE DISCLOSURES REQUIRED BY FED. R. CIV. P. 26(a)(2)(a), PROVIDE A COMPLETE STATEMENT OF THE OPINIONS TO BE EXPRESSED AND THE BASIS AND REASONS THEREFORE.

A.    On advise of counsel I am advised that the requirements of Rule 26(a)(2)(a) were waived in this case. If this question seeks the opinion of my experts, they will be provided as required by Order of the Court.

13. IF YOU CONTEND THAT YOU EVER MADE ANY REQUEST FOR ANY "REASONABLE ACCOMMODATION" OF YOUR ALLEGED DISABILITY, STATE THE FACTS CONCERNING SUCH CONTENTION.

A.    I made many requests at various meetings, individually and in group settings with

Joann Lingner, Dave Snyder, Ray Mosko, Michael Oneferu-Bey, Angie Williams, and

Cynthia Lewis to be allowed to continue with flexible hours during the time that I was

undergoing medical treatment for the documented depression.  I was told no such

accommodation would be made for me.


14. IF YOU CONTEND THAT THE DEFENDANT VIOLATED ANY COMPANY POLICY, PRACTICE OR PROCEDURE, STATE ALL FACTS CONCERNING SUCH CONTENTION, INCLUDING BUT NOT LIMITED TO THE IDENTITY OF EACH SUCH POLICY, PRACTICE OR PROCEDURE, AND STATE WHETHER IT WAS WRITTEN OR ORAL, STATE THE TERMS OF SUCH POLICY, PRACTICE OR PROCEDURE; THE IDENTITY OF ALL THE PERSONS WHO HAVE KNOWLEDGE OF FACTS RELEVANT TO SUCH CONTENTIONS AND SEPARATELY FOR EACH PERSON IDENTIFIED, AND THE NATURE AND EXTENT OF THAT PERSON'S KNOWLEDGE AND IDENTIFY ALL DOCUMENTS RELEVANT TO SUCH CONTENTION.

A    The BGE Employee Handbook recites that the supervisor will weigh various

factors before instituting any corrective action for late reporting to work.  Included is

whether the employee absence qualifies under Family and Medical Leave Act. See pages

G-1, et seq, Handbook.  This my supervisors failed to do before each corrective action

taken against me.

15.   STATE THE FULL LEGAL NAMES AND COMPLETE ADDRESSES OF
EVERY COMPANY OR INSTITUTION FOR WHICH YOU HAVE WORKED SINCE
LEAVING CPSG OR ARE PRESENTLY WORKING, INCLUDING DATES OF
EMPLOYMENT AND POSITIONS AND JOB TITLES HELD AT THOSE
COMPANIES OR INSTITUTIONS, THE EXACT SALARY AND OTHER FORMS OF
REMUNERATION THAT YOU RECEIVED OR ARE RECEIVING.

A.     I was a cashier at Pet Smart, Baltimore National Pike, Catonsville, Maryland until

December 2001.   was earning $ 7.00 an hour.  From March 2001 until May 2001 I was

a commission sales person for Advanced Water Solutions, Henkels Lane, Annapolis

Junction, Maryland.  From May 2001 until July 2001   was a temporary secretary at

American Institute of Certified Public Accountants, Pennsylvania Avenue, N. W.

Washington, D. C. earning $ 22.00 an hour.  From September 2001 until August 2002

was also a part-time cashier with Giant Food Store, at the Ellicott City store and Cherry

Valley Store earning $ 12.60 an hour.  In August, 2002,   started as a support staff

specialist with Holy Cross Hospital, Silver Spring, Maryland earning $ 13.50 an hour.


16.    STATE WHETHER YOU HAVE OBTAINED STATEMENTS IN ANY FORM
FROM ANY PERSON REGARDING ANY OF THE FACTS ALLEGED IN THE
COMPLAINT AND, IF SO, IDENTIFY THE PERSON FROM WHOM THE
STATEMENT WAS TAKEN, THE DATE UPON WHICH THE STATEMENT WAS
TAKEN, ANY DOCUMENTS WHICH CONSTITUTE, REFLECT, REFER TO, OR
RELATE TO THE STATEMENT, AND THE CUSTODIAN AND LOCATION OF THE
STATEMENT.

A.     On advise of my counsel I object to this question as a violation of the attorney

work product.

17.    PROVIDE A COMPLETE CHRONOLOGY OF ANY MEDICAL TREATMENT,
HOSPITALIZATION, SURGERY OR TIME MISSED FROM WORK FROM 1998
THROUGH THE PRESENT. IN YOUR CHRONOLOGY INCLUDE A BRIEF
DESCRIPTION OF THE MEDICAL TREATMENT, THE DATES OF SAID
TREATMENT AND THE IDENTITY OF RELEVANT HOSPITALS AND DOCTORS.

A.    On advise of counsel I object to this question as to its breath and burdensome

character.  Notwithstanding that objection I recall only routine and usual medical care for

the period in question.  I would have to consult with medical records of the health care

providers to be more specific.  I also recall thumb surgery in 1999 but it did not result in

any loss time from work.  As to medical providers I have been seeing Dr. Commerford

for 10 years and it was she who suggested that I see Dr. Haller.  I started with Dr. Haller

mid-year in 2000 and saw at the start every week or on an as needed basis.


18.    IF YOU CONTEND THAT YOUR DISABILITY PREVENTS YOU FROM
PERFORMING THE ESSENTIAL FUNCTIONS OF THE JOB YOU HELD IN THE
PROCUREMENT SERVICES UNIT OR SUBSTANTIALLY LIMITS ONE OR MORE
OF YOUR MAJOR LIFE ACTIVITIES AS DEFINED BY THE ADA. STATE ALL
FACTS CONCERNING SUCH CONTENTION.

A.    See my answer to question number  1

19.    DESCRIBE THE EXTENT TO WHICH THE DEFENDANT WAS AWARE OF YOUR DISABILITY OR SEXUAL ORIENTATION AND HOW THE DEFENDANT WAS MADE AWARE OF SAME, INCLUDING (A.) DATE ON WHICH DEFENDANT WAS MADE AWARE, (B) FACTS AND CIRCUMSTANCES OF WHICH YOU BASE YOUR CONTENTION THAT DEFENDANT DISCRIMINATED BECAUSE OF THE DISABILITY OR SEXUAL ORIENTATION, AND (C) PERSONS WITH PERSONAL KNOWLEDGE.

A.    I started seeing Ray Masko of the company medical office in January 2000. As part of my sessions with him I advised him of my sexual orientation and how that played a part in my depression. I later learned that he was telling my immediate supervisor about the matters we discussed. It was then that I sought out my own therapist and was advised to see Dr. Haller. It was Dr. Haller who advised the company that I was suffering from severe depression and explained that my lateness was medically connected to my depression.

20.    STATE ALL FACTS UPON WHICH YOU BASE YOUR CONTENTION THAT THERE WAS A CONTRACT OF EMPLOYMENT BETWEEN YOU AND CPSG.

A.    When I was hired I was given an Employee Handbook which detailed the conditions associated with working for BG&E. I am advised that this forms a term of employment which has been recognized by law as requiring certain steps when dealing with an employee.

21.    DID YOU FILE A COMPLAINTS WITH THE MARYLAND HUMAN
RELATIONS COMMISSION OR EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION REGARDING AGE DISCRIMINATION, VIOLATIONS OF THE
FAMILY [sic] MEDICAL LEAVE ACT OR DISCRIMINATION BASED UPON
SEXUAL ORIENTATION? IF SO, FOR EACH SUCH COMPLAINT, STATE: (A)
THE DATE THE COMPLAINT WAS FILED, (B) THE SUBSTANCE OF
COMPLAINT, AND (C) THE ACTION TAKEN ON THE COMPLAINT.

A.    I filed a complaint with the EEOC on September 10, 2001, and a supplemental

complaint on January 15, 2002, alleging violations of the ADA. A right to sue letter was

issued May 9, 2002. I understand that the Maryland Human Relations Commission

deferred its investigation in favor of the EEOC investigation. I also sought to file a

Complaint with the Anne Arundel County Human Relations Commission but never heard

anything back from them.


22.    DO YOU CONTEND THAT THE DEFENDANT ENCOURAGED OR
PERMITTED A HOSTILE WORK ENVIRONMENT BASED ON AGE, SEX OR
DISABILITY? IF SO, STATE ALL FACTS UPON WHICH YOU BASE YOUR
CONTENTION.

A.    I was having lunch with Joann Linger Michael Oneferu-Bey, George Montgomery

and Franca Murphy. At that time the topic of Mike Jeffries depression was discussed by

Ms. Linger in a joking and demeaning mann . I was shocked and very self-conscious

since this was the same problem that I was fighting. It was clear that the area of a

persons depression was considered by Ms. Linger as a joke and topic of funny

conversation among the co-workers of the ill person.

23.    IF IT IS YOUR ALLEGATION THAT CERTAIN STATISTICS
DEMONSTRATE DISCRIMINATION BY THE DEFENDANT, PLEASE STATE: (A)
THE STATISTICAL BASES ON WHICH YOU RELY TO SUPPORT SUCH
ALLEGATIONS OR CONTENTIONS, (B) THE FACTUAL PROOF OF
DISCRIMINATION DEMONSTRATED BY THE STATISTICS, AND (C) THE
SOURCE OF SUCH STATISTICS.

A.    Do not so contend.


24.    SPECIFICALLY DESCRIBE YOUR DISABILITY AND STATE: (A) THE
DATE YOU WERE DISABLED, (B) HOW YOUR DISABILITY AFFECTS YOUR
ABILITY TO PERFORM YOUR JOB, (C) WHAT ACCOMMODATION WOULD BE
NEEDED FOR YOU TO PERFORM YOUR JOB, (D) IDENTIFY EACH MEDICAL
PROVIDER YOU HAVE CONTACTED REGARDING YOUR DISABILITY AND (E)
THE DATES OF TREATMENT.

A.    See my prior answers.


25.    STATE EVERY DATE OF LATENESS OR ABSENCE FROM YOUR
EMPLOYMENT WITH CPSG FROM DECEMBER 1999 AND INDICATE THE
CAUSE OF YOUR LATENESS OR ABSENCE, SPECIFICALLY WHICH LATENESS
OR ABSENCE WAS CAUSED BY YOUR DISABILITY.

A.    I am preparing a log of my absences which will be provided as soon as it is

finished.


I SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE
CONTENTS OF THESE ANSWERS ARE TRUE AND CORRECT TO THE BEST OF
MY INFORMATION AND BELIEF.


Phyllis M. Dettmer

Ralph E. Hall, Jr.
Attorney for Plaintiff
Federal Bar Number 660

224 North Adams Street
Rockville, Maryland   20850
301- 294-9340

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this paper was mailed, this _4th_ day of
_December_, 2002, first class mail, postage prepaid, to

Barbara A. Gaugham,
Attorney At Law
P. O. Box 1475
Baltimore, Maryland 21203

Ralph E. Hall, Jr.
Attorney for Plaintiff

2/4/02